BURNETT *et al. v.* STATE.

(In Banc.   Nov. 24, 1941.)

[4 So. (2d) 541.   No. 34707.]

**Kelly J. Hammond,** of Columbia, for appellants.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Argued orally by **Kelly Hammond**, for appellant, and by **R. O. Arrington**, for appellee.

**Anderson, J.**; delivered the opinion of the court.

Appellants, Carlie Burnett and James Burnett, father and son, the father about fifty years of age, and the son in his early twenties, were indicted, tried and convicted in the circuit court of Walthall County of the crime of assault and battery on one Johnnie Gulledge with intent to kill and murder. The son was sentenced to the penitentiary for the term of two years, and the father for the term of one year. Appellants were tried without counsel. They were unable to employ counsel for reasons unnecessary to state. Appellants requested no instruction, nor made a motion for a new trial. We reverse the judgment because of erroneous and misleading instructions given for the state. We notice no other errors assigned, because, if errors, they are such as in all probability will not be repeated on another trial.

The evidence made the following case: The son, James Burnett, was employed on a W. P. A. Highway Project. His immediate foreman was the person assaulted, Johnnie Gulledge, the latter's superior in authority was one Walker. Gulledge had discharged the son. On the day of the alleged crime the father and son went to the place where the road work was going on with the view of trying to induce Gulledge and Walker to re-employ the son. They found Gulledge and during the interview with him there arose an altercation between him and the son resulting in a fight during which the son, the aggressor, used as a weapon a one-blade closed knife, in other words, the knife handle alone. With this weapon he inflicted severe wounds on Gulledge. He broke the skin in several places on his neck and face and other parts of his body, causing the blood to flow. His injuries necessitated his spending several days in a hospital for care and treatment. While the fight was in progress the father stood nearby watching it. Other road workers saw it and approached the scene. The father, apprehending that some of them might interfere, commanded them "to stand back." There was some evidence to the effect that at the time he put his hand about his person in a manner indicating that he was prepared to enforce his command with some kind of a weapon which he had concealed. The evidence tended to show that after the son had gotten the best of the fight and had seriously wounded Gulledge the father suggested that he desist, which he did.

In one instruction the court directed the jury that if they believed from the evidence beyond a reasonable doubt that the son was guilty as charged and that the father was "present at the time and place, aiding, assisting, and abetting therein and commanding those present to stand back during the assault, and if you so believe beyond a reasonable doubt, then both defendants, James Burnett and Carlie Burnett, are guilty as charged in the indictment and it is your duty to so find." The trouble about the instruction is the language "commanding those

present to stand back during the assault.'' The connection in which it was used was calculated to give the jury the impression that it alone was sufficient to constitute guilt. The meaning of the word ''command'' is too indefinite and uncertain to base his conviction on. It might have been prompted by the fear that some of the other workers present might join in the fight against his son.

By another instruction the court told the jury that if they believed from the evidence beyond a reasonable doubt that the defendants or either of them was guilty they would be authorized to find both of them guilty. In other words, aiders and abettors in the commission of a crime could be guilty and the principal innocent. It will be seen at once that under the law this could not be. There can be no such thing as aiding and abetting in a crime when no crime has been committed. And by still another instruction the court told the jury that if the evidence showed the guilt of one of the defendants beyond a reasonable doubt and failed to show the guilt of the other beyond a reasonable doubt they should convict the former and acquit the latter. It will be seen at once that those two instructions are irreconcilably conflicting.

Reversed and remanded.